BOARD OF SUPERVISORS OF LAWRENCE COUNTY

*v.*

JOHN D. SAGE, use of Wm. J. Wise.

1. COUNTY ORDERS—*in fractions of appropriation.* Where a board of supervisors made an appropriation to assist a township in the construction of a bridge, having previously specifically rescinded a resolution that orders should not be issued in fractions in discharge of any appropriation, but should be for the whole amount, the rescinding of the resolution was held, by necessary implication, to sanction the issuing of county orders in small amounts in discharge of the appropriation.

2. SAME—*double issue.* The issuing of a county order for the whole of an appropriation for a bridge, by the county clerk, prior to the date of the order making the appropriation, which county order was never delivered to the party entitled to receive it, presents no defense to an action upon orders subsequently issued in accordance with the appropriation, and delivered, and which were paid out to innocent parties in good faith.

APPEAL from the Circuit Court of Richland county; the Hon. JAMES C. ALLEN, Judge, presiding.

This was an action of assumpsit, brought against the Board of Supervisors of Lawrence County by John D. Sage, who sued for the use of William J. Wise, to recover upon a number of county orders. A trial resulted in a judgment for the plaintiff, from which the county appealed.

Messrs. CALAHAN & HUFFMAN, for the appellant.

Messrs. BELL & GREEN, and Mr. JEHU FIELDS, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

At a meeting of the board of supervisors of the county, held on the 9th of October, 1867, it was ordered "that the sum of $3337.87 be appropriated out of the county treasury to complete the East Embarras bridge, provided the commissioners of highways enter into bond in the sum $7000 for the completion of said bridge within three months or as soon as practicable."

Thereupon, on the same day, the commissioners of highways of the town of Lawrence (in which the bridge was located) executed, with securities, the bond required, which was presented to the county board and approved by a vote, accepted, and placed on file with the county clerk.

Subsequently, and on the 16th of October, 1867, there were issued and delivered to Sage, the treasurer of the commissioners of highways of the town of Lawrence, a large number of county orders, of the denominations of ten dollars and five dollars, which he received and used in the completion of the bridge mentioned in the order by the county commissioners. Some of these orders were paid and canceled, others were paid out by Sage, and came into the hands of Wise, in payment, as it would appear, for labor and materials in the construction of the bridge.

This action is founded upon these county orders in the hands of Wise. The county resists the payment, and her counsel interposes several objections to the validity of these orders. One objection is that they are issued in small amounts and not for the whole amount of the appropriation, $3337.87. The transcript, from the proceedings of the board of supervisors in September of 1867, shows that at a meeting properly held in September, a resolution was adopted, directing that the clerk should not issue orders in discharge of any appropriation in fractions, but that such orders should be for the whole amount of the appropriation. At a subsequent meeting of the same board (and before the appropriation in question was made) that order was specifically rescinded. The necessary implication from this action of the board is a sanction of the conduct of the clerk in issuing these orders in denominations of ten dollars and five dollars. Sage was a witness upon the stand, and testified that he did not receive orders to an amount in excess of the appropriation made by the board of supervisors.

It is also insisted, that before the issue of these ten dollar and five dollar orders, a county order had been issued for the entire sum of $3337.87, which was never returned or canceled. The proof shows that this order was never delivered to the highway commissioners or to their treasurer, but after it was made out and countersigned by the treasurer of the county, it was taken by Watts, who was then county clerk, with the intention of selling it. Watts disappeared from the country and his whereabouts is unknown. The evidence indicates that that order was not only never delivered to the highway commissioners, but has been destroyed. The records of the county treasurer show that it has never been presented for payment. There seems to be a confusion in the transcript of the record brought to this court, as to dates, otherwise there is no reasonable ground to defend against the payment of the orders sued on in this action, on account of the issue of that

large county order, No. 5362, as it is called.   The memoranda
in the office of the county treasurer, of orders countersigned
by the county treasurer, show that this large order (which
was made out, but not delivered to Sage) bore date in Septem-
ber, which was prior to the making of the appropriation.
These same memoranda indicate that subsequent to the date
of the order designated as No. 5362, orders were made out
and countersigned—one numbered 5363, for $2894.12; one
numbered 5364, for $131.25; one numbered 5365, for $312.60,
—(the three aggregating the amount of the appropriation
made by the county board on the 9th of October.)  *All bear date
September* 23, 1867.   This is prior to the day when the county
board made the appropriation of record of the $3337.87 for
the finishing of this bridge.   That appropriation was made on
the 9th of October, as the record shows.   If, however, there
be any solution of this apparent confusion, showing that these
three county orders dated upon September 23, 1867, were
really subsequent to the appropriation made by the county
board, these three orders seem never to have been used in any
manner,—we find no specific proof that they were ever delivered
to the payees.   Whether this be so or not, they were can-
celed in the office by the treasurer, and the orders upon
which the action is now brought were issued under, and by
virtue of, the appropriation of the 9th of October, made by
the county board.   It is not perceived how the preparation
and signing and countersigning of the apparently irregular
orders, numbered 5362, 5363, 5364 and 5365, can have any
meritorious or substantial bearing against the claim of the
plaintiff to have payment of these county orders.   On the
face of the different transcripts of record, they are the first
orders that were issued after the making of the appropriation
upon the 9th of October, 1867.   They were issued to the par-
ties indicated by that appropriation, for the purpose indicated
in the appropriation, and were used to accomplish that end.
In justice as well as in law, the county ought to pay these

orders, and we see no legal objection against the judgment which has been entered.

The judgment must be affirmed.

*Judgment affirmed.*